UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
STATE OF NEW YORK and THE NEW YORK STATE
DEPARTMENT OF ENVIRONMENTAL
CONSERVATION,

                                          Plaintiffs,

    -against-

THE MONFORT TRUST, KENNETH ANSCHUTZ,
Individually and as Trustee of the Monfort Trust,
TOWNSEND ANSHUTZ, Individually and as Trustee of
the Monfort Trust, PAMELA J. MONFORT, Individually
and as Trustee of the Monfort Trust, NANCY
FAMIGLIETTI, as Trustee of the Monfort Trust,
JAMES C. TITUS, as Trustee of the Monfort Trust,
DEBORAH FIREBAUGH, and JOHN L. BRADLEY, JR.,

                                          Defendants.
---------------------------------------------------------------------------X
JOHN L. BRADLEY, JR.,

            Defendant and Third-Party Plaintiff,

    -against-

O.J.V. REALTY CORP., MUSSO 3636 LLC, MUSSO
PROPERTIES, LLC and VICTOR A. MUSSO, Individually,

            Third-Party Defendants.
---------------------------------------------------------------------------X
THE MONFORT TRUST, TOWNSEND AUSHUTZ,
Individually and as Trustee of the Monfort Trusts,
PAMELA J. MONFORT, Individually and as Trustee of
The Monfort Trusts, NANCY FAMIGLIETTI, Individually
and as Trustee of the Monfort Trusts, and JAMES C.
TITUS, Individually and as Trustee of the Monfort Trusts,

            Defendant and Third-Party Plaintiffs,

    -against-

MUSSO 3636 LLC and VICTOR MUSSO,

           Third-Party Defendants.
---------------------------------------------------------------------------X

**ORDER**
12–CV–3755 (JMA)(SIL)

**FILED
CLERK**

9/30/2016 1:17 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court are the objections to Magistrate Judge Locke's Report and Recommendation, in which Judge Locke recommended that the cross-motions for summary judgment both be granted in part and denied in part. Objections from each side were timely filed. Having conducted a review of the full record and the applicable law, for the following reasons, the Court adopts Judge Locke's Report and Recommendation in its entirety.

## I. **BACKGROUND**

In July 2012, the State of New York and the New York State Department of Environmental Conservation (the "DEC") sued several defendants pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, et seq., and New York common law to recover costs associated with a dry cleaning business's release of hazardous substances, which occurred over several decades. Several defendants in the main action are the third-party plaintiffs herein.

In February 2013, John L. Bradley, Jr. ("Third Party Plaintiff Bradley" or "Bradley") filed a third party complaint for indemnification against O.J.V. Realty Corp., Musso 3636, LLC, Musso Properties, LLC, and Victor A. Musso (collectively, the "third party defendants"). The Monfort Trust and its trustees, Townsend Anschutz, Pamela J. Monfort, Nancy Famiglietti, James C. Titus, (the "Monfort Trust Third Party Plaintiffs") also filed a third party complaint against only Musso 3636, LLC and Victor A. Musso.

All of the third party defendants moved for summary judgment against all of the third party plaintiffs. The Monfort Trust Third Party Plaintiffs cross-moved for summary judgment against Victor A. Musso and Musso 3636 LLC. On January 8, 2016, I referred the cross-motions for summary judgment to Judge Locke for a Report and Recommendation. On June 27, 2016, Judge Locke issued a Report and Recommendation, recommending that both motions for summary

judgment be granted in part and denied in part. (ECF No. 137.) The Monfort Trust Third Party Plaintiffs and the third party defendants timely filed objections. (ECF Nos. 143, 144.) Although Third Party Plaintiff Bradley did not move for summary judgment, he did file a response to the third party defendants' objections to Judge Locke's Report and Recommendation. (ECF No. 145.) Although familiarity with the record, the motions, the Report and Recommendation, and the objections is assumed, I describe several documents at the outset, as they are referenced throughout.

The parties' cross-motions involve the interpretation of two indemnification agreements, which are identical except for their signatories and dates of execution. In September 2003, prior to the closing on the property, the Monfort Trust Third Party Plaintiffs entered into an Indemnification Agreement with Victor Musso and O.J.V. Realty Corp. (Ex. J to Goldberg Decl., ECF No. 131-12.) Bradley entered into his own identical Indemnification Agreement with Victor Musso and O.J.V. Realty Corp. (Ex. I to Goldberg Decl., ECF No. 131-11.) These agreements are collectively referred to as a single "Indemnification Agreement" throughout.

There is also a Handwritten Indemnification Agreement between the third party plaintiffs and Musso 3636 LLC, executed on November 5, 2003. On that same day, the sale of the property was finalized and O.J.V. Realty Corp. assigned its rights under the Contract of Sale to Musso 3636 LLC. This Handwritten Indemnification Agreement provides that, inter alia, the "seller shall indemnify purchaser for any and all costs and expenses incurred by DEC through November 4, 2003." (Handwritten Indemnification Agreement, Ex. P to Goldberg Decl., ECF No. 131-18.)

## II. STANDARD OF REVIEW

In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579,

3

2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of the Report and Recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

### III. DISCUSSION

The Court has reviewed Judge Locke's recommendations to which the parties did not specifically object. After review, I find that these portions contain no clear error, and I adopt those findings. Upon a de novo review of the record and Judge Locke's Report and Recommendation, the Court affirms and adopts the Report and Recommendation in its entirety as the opinion of the Court.

**A. Liability of Musso 3636 LLC and Musso Properties, LLC**

Third Party Defendants Musso 3636 LLC and Musso Properties, LLC moved for summary judgment dismissing them from the third party actions, arguing that they were not signatories to the Indemnification Agreement. The Monfort Trust Third Party Plaintiffs cross-moved for summary judgment against Third Party Defendant Musso 3636 LLC, claiming that it has a duty to indemnify, even though it is not a signatory.

*1. Musso 3636 LLC*

Judge Locke recommended that both parties' motions for summary judgment be denied because there is a triable question of fact as to whether the parties intended for Musso 3636 LLC to be bound by the Indemnification Agreement.

After review, I agree with Judge Locke that there are questions of fact as to whether the parties' intended for Musso 3636 LLC to be bound by the Indemnification Agreement, such that it was an essential basis for entering into the agreement. See Commander Oil Corp. v. Advance

4

Food Serv. Equip., 991 F.2d 49, 53 (2d Cir. 1993).

*2. Musso Properties, LLC*

Judge Locke recommended that the third party defendants' motion for summary judgment dismissing Musso Properties, LLC from Bradley's third party complaint be denied, without prejudice. Neither party has objected to this portion of the Report and Recommendation.

In October 2014, Bradley filed a pre-motion conference letter to amend his third party complaint against Musso Properties, LLC to assert additional causes of action against third party defendants. (ECF No. 106.) Because Bradley's application has not been decided, I agree that the third party defendants' motion for summary judgment should be denied, with leave to renew after a decision on Bradley's application to amend his third party complaint.

**B. The Indemnification Agreement**

The third party defendants moved for summary judgment, arguing that, as a matter of law, they have no duty to indemnify third party plaintiffs for specific costs.

*1. Costs Incurred in the Remediation of Off-Site Premises*

Judge Locke recommended that both motions for summary judgment be denied regarding third party defendants' liability to indemnify for off-Site costs. The relevant language in the agreement provides an obligation to indemnify for costs "arising out of and/or by reason of the environmental condition existing at the subject premises identified by the New York State Department of Environmental Conservation as Case No. 1-30-081." (Indemnification Agreement.)

Judge Locke found that the phrase "arising out of and/or by reason of the environmental condition existing at the subject premises" is ambiguous. Specifically, it is unclear whether the parties intended the word "existing" to provide a limitation, which would exclude costs related to costs for off-Site contamination that pre-existed the closing. Judge Locke held that extrinsic

evidence did not confirm whether third party defendants had an unequivocal duty to indemnify third party plaintiffs for all off-Site contamination, whether it migrated from on-Site either before or after the closing.

In their objection, third party defendants argue that Judge Locke improperly considered extrinsic evidence to create an ambiguity and that he should not have looked beyond the four corners of the Indemnification Agreement to define the term "subject premises." They argue that, instead, under the plain meaning rule, the dictionary definition controls. Therefore, "subject premises" refers to "at the site" or "on site." However, this interpretation ignores that the Indemnification Agreement specifically referred to the term "subject premises" as "the subject premises identified by the New York State Department of Environmental Conversation as Case No. 1-30-081." Under New York law, a contract "should be construed so as to give full meaning and effect to all of its provisions." LaSalle Bank Nat. Ass'n v. Nomura Asset Capital Corp., 424 F.3d 195, 206 (2d Cir. 2005). To provide a definition for "subject premises" outside of the term specifically defined in the agreement would render the agreement's definition "superfluous." See id.

Third party defendants also object that various other contract principles limit the scope of indemnification. However, I find that Judge Locke properly considered the conflicting evidence regarding who drafted the agreement as well as the other tenants of contract interpretation. Therefore, I agree with Judge Locke that there are issues of fact precluding summary judgment regarding the costs of off-Site contamination.

*2. Costs Incurred Prior to November 5, 2003*

Judge Locke recommended that summary judgment be denied regarding third party defendants' obligation to indemnify for pre-sale costs. The Indemnification Agreement created an obligation for "all liability, losses and damages whether present or future." Judge Locke found

6

that it is ambiguous whether the word "present" included (1) costs that were incurred prior to and presently due on November 5, 2003, or (2) costs that began accruing as of November 5, 2003. Judge Locke also found that extrinsic evidence, in the form of the Handwritten Indemnification Agreement did not help resolve the ambiguity. Specifically, the Handwritten Indemnification Agreement between third party plaintiffs and Musso 3636 LLC provides that "seller shall indemnify purchaser for any and all costs and expenses incurred by DEC through November 4, 2003." (Handwritten Indemnification Agreement.) However, only Musso and O.J.V. Realty Corp. were signatories to the Indemnification Agreement, not Musso 3636 LLC.

In their objection, third party defendants argue that the plain meaning of the Indemnification Agreement supports their motion for summary judgment. However, for the same reasons as Judge Locke, I find that material issues of fact remain as to whether the Indemnification Agreement excludes costs incurred prior to November 5, 2003.

*3. Attorneys' Fees and Costs*

i. Costs Incurred in Defending the Original Action

Judge Locke found that the Monfort Trust Third Party Plaintiffs were entitled to summary judgment on the duty to indemnify for costs and attorneys' fees incurred in defending the original action. The relevant language of the agreement provides that there is a duty to indemnify for "any and all claims, demands, suits, actions, proceedings, debts, costs, charges, expenses and judgments, including court costs and attorney's fees . . . arising out of/or by reason of the environmental condition existing at the subject premises." (Indemnification Agreement.)

I agree with Judge Locke that the Indemnification Agreement unambiguously provides that Musso and O.J.V. Realty Corp. were obligated to indemnify the Monfort Trust Third Party Plaintiffs for "court costs and attorney's fees" incurred in defending the main action. Although third party defendants reiterate their arguments distinguishing between off-Site and on-Site costs,

7

I find that the agreement clearly provides for costs and attorney's fees incurred in defending against the claims in the main action.

### ii. Costs Incurred in Connection with Enforcing the Indemnification Agreement

Judge Locke found that the Monfort Trust Third Party Plaintiffs were entitled to summary judgment on the obligation to indemnify them for attorney's fees and costs in connection with enforcing the Indemnification Agreement. The Indemnification Agreement provides:

> Should it become necessary for Indemnitee, or someone on Indemnitee's behalf, to incur costs and expenses, including, but not limited to, attorney's fees, to enforce this Agreement, or any portion thereof, Indemnitor, its successors or assigns, agrees to pay Indemnitee reasonable costs and attorney's fees thereby expended, or for which liability is incurred.

(Indemnification Agreement.)

Third party defendants objected to this portion of the Report and Recommendation, arguing that they have no obligation to indemnify in this action because third party plaintiffs are suing to extend the terms of the Indemnification Agreement, rather than enforce its terms. This argument has no merit, as the relevant provision clearly states that third party plaintiffs may recover costs, including attorney's fees, "should it become necessary" to sue to enforce the Agreement "or any portion thereof." (Indemnification Agreement.) Third party defendants' proposed limitations are contrary to the plain meaning of the agreement. Therefore, summary judgment should be granted to the Monfort Trust Third Party Plaintiffs and denied as to third party defendants.

## C. **Declaratory Judgment**

Judge Locke found that although there is a sufficient controversy to support a declaratory judgment action, there is a question of fact as to whether third party defendants have an obligation to indemnify third party plaintiffs for pre-sale and all off-Site costs. Third party defendants requested that the Court grant them summary judgment if the Court should find in the original action that the amount owed to plaintiffs is capped at $30,000. Alternatively, if the amount owed

to plaintiffs is not capped at $30,000, third party defendants sought a judgment that they were liable for an amount that excludes the off-Site and pre-sale costs, as described in its motion.

Neither party filed a specific objection to this portion of the Report and Recommendation. Having reviewed the record, I agree that summary judgment as to the request for a declaratory judgment should be denied.

**D. Bradley's Claim for Promissory Estoppel**

Judge Locke recommending granting summary judgment to third party defendants on Bradley's cause of action based on promissory estoppel. Judge Locke found that Bradley's cause of action for promissory estoppel is duplicative of his cause of action for breach of contract. In third party plaintiffs' papers, Bradley consented to the dismissal of this claim if the Court denied third party defendants' motion for summary judgment. Under these circumstances, and given that no objections were filed to this portion of the Report and Recommendation, I agree that summary judgment should be granted and Bradley's promissory estoppel claim should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court adopts Judge Locke's Report and Recommendation in its entirety. The motions for summary judgment are both granted in part and denied in part.

**SO ORDERED**.

Dated: September 30, 2016
Central Islip, New York

                                           /s/ (JMA)
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE